UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER MCGRAIL,

    Plaintiff,                                    Civil Action No. 17-CV-13624

vs.                                                HON. BERNARD A. FRIEDMAN

LAW OFFICES OF
MICHAEL R. STILLMAN, P.C.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 5]. Plaintiff has filed a response and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff has brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. She alleges that defendant, while attempting to collect a debt on behalf of a client, violated her rights under the act by using "false, deceptive, misleading, and unfair or unconscionable means" and/or by "falsely represent[ing] the character, amount, or legal status of any debt." Compl. ¶ 29. For relief, she seeks damages, costs, and attorney fees.

The material facts are undisputed. In 2011, defendant's client, Cavalry Portfolio Services, obtained a default judgment in the 63rd district court in Grand Rapids, Michigan, against Jennifer R. McGrail, whose address at that time was in Rockford, Michigan. Def.'s Ex. E. Rockford is a small city located 14 miles north of Grand Rapids. Defendant, upon learning from its client that a person with this name, with an address in Grand Rapids, was employed by Michigan Virtual Charter ("MVC"), obtained a writ of garnishment from the 63rd district court in 2016. Def.'s Ex. A.

Apparently defendant served MVC with this writ and the disclosure form sometime in late 2016 or early 2017, as required by the applicable court rule.[1] Plaintiff alleges she learned of the writ from MVC on March 24. Compl. ¶ 13.

On March 27, 2017, plaintiff telephoned defendant and indicated that "this is not her debt and we have the wrong ssn." Pl.'s Ex. A at 43. According to defendant's notes, plaintiff indicated she "will fax us her id and last 4 of the ssn," *id.* at 44, but she did not do so. Plaintiff alleges that she "apprised Defendant of the last four digits of her social security number" during this telephone call. Compl. ¶ 21.[2] Also on March 27, plaintiff filed objections to the garnishment with the state court, asserting that the writ was invalid because "I have never lived at 5591 E DeBlaay Ct; my social security no. does NOT end 7397; I have never had a judgment from Calvary SPV; they found the wrong Jennifer R McGrail." Def.'s Ex. B. The court scheduled a hearing on plaintiff's objections for April 11. *Id.* Defendant also received a telephone call from court personnel on March

---

[1] Michigan Court Rule 3.101 states:

(F) Service of Writ.

(1) The plaintiff shall serve the writ of garnishment, a copy of the writ for the defendant, the disclosure form, and any applicable fees, on the garnishee within 182 days after the date the writ was issued in the manner provided for the service of a summons and complaint in MCR 2.105.

(2) The garnishee shall within 7 days after being served with the writ deliver a copy of the writ to the defendant or mail a copy to the defendant at the defendant's last known address by first class mail.

[2] Additionally, plaintiff alleges that she "offered to send Defendant a copy of her drivers license and social security number card, redacting the first five numbers of her social security number but showing the last four digits," but that defendant insisted "it would only accept evidence of Plaintiff's social security number if she provided all digits to Defendant." Compl. ¶¶ 21-22. Plaintiff does not allege that she provided defendant with any documentation.

27, indicating "that the debtor on file called the court and gave evidence showing that her social is different and has never lived at the address in question. [C]ourt wants us to handle this or they will hold a hearing on it." Pl.'s Ex. A at 44.

On March 28, MVC completed a garnishee disclosure indicating that withholding "will not begin immediately because . . . the SS# or the address [illegible] this writ does not match the EE we have at K12." Def.'s Ex. C.[3] Defendant received this disclosure the same day. Pl.'s Ex. A at 44. MVC also provided a copy of this garnishee disclosure to plaintiff, as required by MCR 3.101(H). Pl.'s Br. at 2. On April 4, defendant mailed plaintiff an "ID Theft Affidavit" which, among other things, requested plaintiff's name, birth date, and social security number. Pl.'s Ex. D. Plaintiff did not return this form or provide defendant with any of the requested information. On April 7, defendant filed a response to plaintiff's objections to the garnishment, stating that she "has alleged this is fraud but failed to provide [defendant] with supporting documentation in support of this alleged claim" and that she "has failed to substantiate the defect in the garnishment procedure, therefore the objection is unfounded." Pl.'s Ex. C. On April 11, the parties appeared for the hearing, where, according to defendant's notes, plaintiff "confirm[ed] that she is in fact the wrong Jennifer R. McGrail. Judge O'Hare signed the garnishment release." Pl.'s Ex. A at 46; *see also* Def.'s Ex. D.

Plaintiff alleges that "Defendant's continued attempts to collect the Debt from

---

[3] Neither the copy of the writ nor the copy of the garnishee disclosure the parties have attached to their motion papers indicates the social security number of the debtor. However, the parties indicate that the copies of the writ served on MVC and forwarded to plaintiff did contain the 7397 social security number. Pl.'s Br. at 2; Def.'s Br. at 11. Further, in a letter to MVC dated March 10, 2017, defendant asked MVC to complete and return the disclosure form. This letter stated that the debtor Jennifer R. McGrail has a social security number ending in 7397. Def.'s Ex. F.

3

Plaintiff after Plaintiff had provided information to Defendant to show she was not the debtor was conduct that was both unfair and unconscionable" under the FDCPA. Compl. ¶ 28. *See also* Pl.'s Br. at 9 ("Defendant failed to abandon the Writ of Garnishment after notice from Plaintiff, forcing Plaintiff to file a formal objection to it."); *id.* at 10 ("continuing to attempt to collect the debt . . . after being notified of the error" violated the act). The harm that plaintiff suffered, in addition to having to file an objection to the writ, is limited to the fact that "[o]n April 11, 2017, [she] was compelled to travel to court to present her objection to the Writ and Garnishment." *Id.* ¶ 26. *See also* Pl.'s Br. at 11 ("Defendant's collection efforts compelled Plaintiff to file a formal objection to the Writ of Garnishment and attend a hearing on that objection in order to prevent her wages from being garnished.").

Plaintiff alleges that defendant violated 15 U.S.C. § 1692e(2)(A) by "[f]alsely represent[ing] the character, amount, or legal status of any debt" and/or § 1692f by using "unfair and/or unconscionable means to collect or attempt to collect a debt." Compl. ¶ 29. Viewing the facts in the light most favorable to plaintiff, the Court is persuaded that defendant is entitled to judgment as a matter of law on these claims. Plaintiff does not allege that defendant misrepresented the character of the debt (i.e., that it arose from a default judgment) or the amount of the debt ($1,557.20). Her claims that defendant misrepresented the legal status of the debt (i.e., who owed it) or that defendant used unfair or unconscionable means to collect or to attempt to collect it fail because defendant neither claimed that plaintiff owed the debt nor attempted to collect the debt from plaintiff, but rather from a person whose name happened to be the same as plaintiff's, down to the same middle initial, and whose suspected address (in Rockford) was near her last known address (in Grand Rapids). Plaintiff acknowledges that "the Writ of Garnishment identified an address and

4

social security number that was not Plaintiff's." Pl.'s Br. at 2. The writ also plainly showed the case name, the case number, the name and address of the court, the amount of the original judgment dated April 2011, and the fact that $824.58 in post-judgment payments and credits had been made. These facts, taken together, should have alerted even a "reasonable unsophisticated consumer," *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015), that plaintiff was not the Jennifer R. McGrail to whom the writ was directed.

Plaintiff was understandably frustrated that defendant did not immediately agree to withdraw the writ when, by telephone, she informed defendant that her social security number and address did not match those indicated on the writ. However, plaintiff delayed the resolution of the error by failing to provide defendant with evidence of her address and social security number, either following her March 27 telephone conversation or in response to defendant's request that she complete an identify theft affidavit. Defendant could not be expected to withdraw the writ (or to inform MVC that it had been served with the writ in error) until it had evidence that there was in fact an error to correct, and that evidence did not come into defendant's possession until the April 11 hearing. As the parties note, defendant agreed to withdraw the writ at that time, i.e., instantly upon being provided with documentation that plaintiff was not the debtor. In fact, defendant had no obligation to withdraw the writ, which was and remains valid. The only error lay in defendant serving the writ on MVC because, as it turned out, the debtor is not employed there, a fact MVC recognized by informing defendant (and plaintiff) that it would not withhold any wages because the social security number and/or address of Jennifer R. McGrail on the writ did not match those of the Jennifer R. McGrail MVC employed.

5

For these reasons, the Court concludes that the evidence fails to show a triable issue as to whether defendant violated 15 U.S.C. § 1692e(2)(A) by "[f]alsely represent[ing] the character, amount, or legal status of any debt" and/or § 1692f by using "unfair and/or unconscionable means to collect or attempt to collect a debt." Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that the other pending motions in this matter are denied as moot.

Dated: June 7, 2018  s/Bernard A. Friedman
Detroit, Michigan  BERNARD A. FRIEDMAN
  SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2018.

  s/Johnetta M. Curry-Williams
  Case Manager